THE HON. WILLIAM T. PIGOTT,
THE HON. R. LEE WORD, } Associate Justices.

TANEY, RESPONDENT, *v.* VOLLENWEIDER, APPELLANT.

[No. 1561.]

*On Motion to Dismiss Appeals.*

[Submitted October 5, 1900. Decided October 6, 1900.]

*Appeal and Error—Motion to Dismiss Appeal—Transcript—
Contents—Sufficiency—Briefs.*

1. Where plaintiff appealed from a judgment in favor of defendant, and also from an order denying a new trial, and defendant filed a motion to strike the transcript and to dismiss both appeals, the fact that the transcript did not contain a copy of the order denying the motion for a new trial would not sustain the motion to dismiss, since it in no wise affected the appeal from the judgment, and the motion must be granted or denied as a whole.

2. Where plaintiff appealed from a judgment in favor of defendant, and also from an order denying a new trial, the fact that the transcript did not disclose that any bill of exceptions or statement on motion for a new trial was settled or certified constituted no reason for dismissing the appeals.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Action by P. S. Taney against Mary Vollenweider. From a judgment in favor of plaintiff and from an order denying a new trial, defendant appealed. Motion to dismiss appeals. Denied.

*Messrs. Duffy & Casey,* for Appellant.

*Messrs. Walsh and James,* for Respondent.

**PER CURIAM.**—The respondent moves this Court to strike from the files the transcript, and to dismiss the appeals herein, upon the following grounds: (1) Because the transcript does not contain a copy of the order denying the appellant's motion for a new trial; (2) because the transcript fails to disclose that any bill of exceptions or statement on motion for a new trial have been settled or certified; (3) because there is in the brief of the appellant no assignment of error, as is required by the rules of this Court; (4) because there is in the brief no specification that the court below erred in refusing a new trial; and (5) because neither the transcript nor the brief of the appellant is prepared in the manner and form required by the rules.

It appears from the transcript that the plaintiff appealed from the judgment as well as from an order denying her motion for a new trial. The transcript sets forth a copy of the judgment, but does not contain a copy of the order refusing a new trial. The motion is to strike the transcript and to dismiss both appeals, being directed against the transcript and

the appeals as an entirety. The motion will therefore be granted or denied as a whole.

The first and fourth grounds in no wise affect the appeal from the judgment. Whether the absence of a copy of the order appealed from and the failure to specify as error the refusal to grant a new trial would require the dismissal of the appeal from the order is not presented by the motion.

The fact that the transcript does not disclose that any bill of exceptions or statement on motion for a new trial was settled constitutes no reason for the dismissal of the appeals, and the second ground of the motion is therefore untenable. It is hardly necessary to remark that a different question might be raised by the proper motion, where it made to appear that a bill of exceptions or a statement on motion for a new trial had been duly settled and filed, but was omitted from the transcript.

With regard to the third ground: Examination of the brief inclines us to the opinion that the specifications of error, while not as clearly or as artistically stated as they should be, are nevertheless sufficient (but barely so) to withstand the motion as presented.

The fifth sudivision is not argued, nor is attention invited to any particulars, other than those already adverted to, in which the transcript or brief is asserted to be violative of the rules of this Court.

The motion to dismiss is denied.                    *Denied.*

---

FARLEIGH, ET AL., RESPONDENTS, *v.* KELLY, APPELLANT.

[No. 1575.]

*On Motion to Dismiss Appeal.*

[Decided October 17, 1900.]

*New Trial—Statement of Case—Preparation and Service—
Extension of Time — Judges — Change —Power—Statute—
Constitutionality—Appeal—Briefs.*

VOL. XXIV—24

1. Under Code Civ. Proc., Sections 36, 1821, giving a judge of one district, when holding court for the judge of another district, "the same power, either in court or chambers, as a judge thereof," and providing "that orders made out of court may be made by the judge of the court in any part of the state," a judge who has returned to his own county after trying a cause in another county, in the place of the judge thereof, who was disqualified, has power to make an order extending the time to prepare and serve the "statement of the case" on a motion for a new trial, as provided by Section 1173, giving the "court" or "the judge thereof" power to make such orders.
2. Code Civ. Proc., Section 36, giving the judge of one district, when holding court for the judge of another district, "the same power, either in court or chambers, as a judge thereof," does not enlarge the authority given by Const., Art. 8, Section 12, providing that one judge "may hold court" for another, and hence does not violate the constitution.
3. Upon proper showing the appellate court will not dismiss an appeal because appellant's brief was not served or filed in time.

*Appeal from District Court, Jefferson County, Henry C. Smith, Judge.*

PETITION by Caroline Kelly for probate of the will of John D. Allport, deceased, to which Lillie Sue Farleigh and others filed objections. Contestants moved to dismiss proponent's appeal from a judgment against her and an order denying a new trial. Denied.

*Mr. T. J. Walsh,* and *Mr. Geo. F. Cowan,* for Appellant.

*Messrs. Walsh & Newman, Mr. Robt. B. Smith,* and *Mr. Chas. R. Leonard,* for Respondents.

**MR. JUSTICE WORD** delivered the opinion of the court.

Respondents move the court to strike from the record on appeal the statement of the case on motion for new trial, and to dismiss the appeal in said action, for the following reasons:

(1) Because the said statement was not served on respondents' attorneys, or settled, allowed, or filed, within the time prescribed by the Code of Civil Procedure, the time for serving settling, or filing such statement not having been extended by stipulation of parties, or by an order of the court in which the case was tried, or by the judge thereof.

(2) Because no brief has been served on respondents' attorneys or filed within 60 days of the filing of the transcript on appeal.

The facts as disclosed by the record, are as follows:

The proponent filed for probate in court an instrument purporting to be the last will and testament of John D. Allport, deceased. The contestants duly filed objections to admitting said will to probate, alleging, among other things, that it was a forgery. To these objections a replication was filed, and thereafter an amended answer was filed. Hon. M. H. Parker, judge of the court, was disqualified, and Hon. Henry C. Smith, judge of the First judicial district, was requested to hold court for Judge Parker during the trial of the case.

The case was tried before a jury. The jury returned their verdict November 19, 1899, whereby it was found that the will was forged. Thereafter the proponent served notice of intention to move for a new trial, stating that it would be based upon a statement of the case and upon affidavits.

The District Court of Jefferson County adjourned on the 19th day of November, 1899, and no other term of court was held between that time and December 4, 1899. On December 4, 1899, Judge Smith, at Helena, Montana, made an order extending the time within which proponent might serve her statement.

The contestants, at all stages of the proceedings relating to the settlement of the said statement, objected to the settlement or allowance thereof, upon the ground that the same was not served in time, and that Judge Smith did not have authority to extend the time within which it might be served. These objections were embodied in the statement, and the statement was settled by Judge Smith, over the objections.

Judgment was entered in the case, February 5, 1900. The motion for a new trial was overruled May, 12, 1900. On May 24, 1900, notice of appeal was served, whereby an appeal was taken from the order overruling the motion for a new trial, but not from the judgment.

The question presented is: Did the Honorable Henry C. Smith, the judge who tried said cause, have the power to make the order of December 4, 1899, extending the time within which proponent might prepare and serve her statement?

Counsel for respondents take this position:   Admitting that, under the Constitution and Code of this state, a judge of one district, called in to hold court for a judge of another district, for some reason disqualified, has the same power, either in court or chambers, as the judge thereof, and that while in the Fifth judicial district his honor, Judge Smith, had the power to make the order of ˙ December 4th, yet respondents contend that when his honor, Judge Smith, returned ، to his own district he did not and could not take with him, and there exercise, any of the powers of the judge for whom he was holding court.

In the discussion of the questions involved in this motion, both the counsel for respondents and for appellant seem to have overlooked Section 1821 of the Code of Civil Procedure, which is as follows:

"Sec. 1821.   Motions must be made in the county in which the action is brought, or in any adjoining، county in the same district.   In case of the absence of the judge of the district from his district, such motion may be made before the judge of any adjoining district.   Orders made out of court may be made by the judge of the court in any part of the state."

Under Section 12 of Article VIII of the Constitution, Judge Smith had the power to hold court in the Fifth judicial district, and to try said cause.   While holding said court, Judge Smith had the same power, either in court or chambers, as the judge thereof.   (Code of Civil Procedure, Sec. 36).   Under Section 1173 of. the Code of Civil Procedure, the power to extend the time within which the statement must be prepared and served is expressly given.   The order extending the time was one which the judge could make at chambers (Code of Civil Procedure, Secs. 170, 171, 190); and under Section 1821 of the Code of Civil Procedure, *supra*, Judge Smith had the power to make such order after his return to his own district.   Briefly stated, these are the conclusions we have reached upon the first ground of this motion. ٍ

Authority for our position is found in the case of *Matthews* v. *Superior Court*, 68 Cal. 638, 10 Pac. 128, where the su-

preme court of that state—under a state of facts practically the same as that of this case—reached the same conclusions. The Code of Civil Procedure of California (Section 1004), as does our own, provided that "orders made out of court may be made by the judge of the court in any part of the state." (See, also, *Ex parte Nelson & Kelly*, 62 Ala. 376; *Gould* v. *Duluth & Dakota Elevator Co.*, 3 N. D. 96, 54 N. W. 316; *Holden* v. *Haserodt*, 2 S. D. 220, 51 N. W. 340.)

Respondents' counsel question the constitutionality of Section 36 of the Code of Civil Procedure; this, upon the ground that by Section 12, Article VIII, of the Constitution, the authority of one judge, when acting for another, is limited to the act of holding court, while Section 36 of the Code of Civil Procedure gives to the judge holding court for another judge the same power, either in court or chambers, as a judge thereof. In our opinion, this section of our Code of Civil Procedure just referred to is constitutional. In the case of *Wallace* v. *Helena Electric Railway Co.*, 10 Mont. 24, 24 Pac. 626, 25 Pac. 278, it was intimated that an act of the legislature granting to a judge holding court for another judge such powers as are conferred by said Section 36 of the Code of Civil Procedure would be constitutional. While the constitutionality of this section of our Code has never been passed upon by this Court, yet we find that in other states acts granting like powers have been held to be consistent with constitutional provisions, the same as, or similar to, those of Section 12 of Article VIII of our own Constitution. (*Gardner* v. *Jones, Judge*, 126 Cal. 614, 59 Pac. 126; *Gould* v. *Duluth & Dakota Elevator Co.*, *supra*; *Holden* v. *Haserodt*, *supra*.)

As to the second ground urged by counsel for the dismissal of this appeal, we are of the opinion that under the circumstances of the case, and upon the showing made, the motion to dismiss must be denied upon this ground also; this, upon the condition, however, that appellant files in this Court and serves upon respondents briefs in her behalf within 30 days from the date hereof.

*Denied.*

## ON MOTION FOR A REHEARING.

[Decided Nov. 8, 1900.]

